TATUM DUKE, *Plaintiff in Error*, vs STATE OF FLORIDA, *Defendant in Error*.

142 So. 886.

Division B.

Opinion filed July 15, 1932.

*Philip D. Beall*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

DAVIS, J.—Tatum Duke was convicted of the crime of manslaughter in the Circuit Court of Walton County and sentenced to five years imprisonment. The indict-

ment was in two counts. The first charged manslaughter by the negligent operation of an automobile. The second charged manslaughter by the operation of an automobile by the defendant while he was intoxicated. The verdict was a general verdict of guilty on both counts as charged.

On the morning of July 13, 1931, one Hiram Wilkinson was found in a dying condition on the Glendale Road in Walton County. He had a wound on his head and a slight bruise on one leg and one arm. There were no eye witnesses called to testify as to the connection of the defendant with the injuries which occasioned death.

The State's case was sought to be made out by circumstantial evidence to the effect that on the day before the body of Wilkinson was found, the defendant had borrowed a Buick automobile in DeFuniak Springs for the purpose of going to his mother's home on the Glendale Road where the body was found; that later this car was found with a large dent in the front part of the right fender, the right headlight out of line and the right cowl light missing. The car was also minus a door handle which was found inside the car, while in the cracked portion of the cowl was found certain hair, which though of a different shade and color from that of the deceased, was claimed by the State to have been his.

The deceased was obviously killed on Sunday night, July 12th. His body was found about daylight Monday morning, July 13th. The Buick car, which had been borrowed from its owner, was returned to him Wednesday morning by parking it on the street in the City of De Funiak Springs. From the time the car was borrowed until it was returned, it was seen with at least three people in it, other than the defendant, one of them being the defendant's sister.

Over the objection of the defendant, testimony was

admitted that plaintiff in error and his father were seen together Monday afternoon and that witnesses smelled liquor on the breath of each of them. Testimony was also admitted over the defendant's objection that defendant's father, who was not a joint defendant, nor shown to have been acting under agreement or conspiracy with his son, the defendant, tried to keep a witness from testifying before the Grand Jury.

The admission of such evidence was error, because it was irrelevant and immaterial to the issue being tried. Since we cannot say that the whole evidence clearly establishes the guilt of the defendant of the crime charged to such an extent as to render such error harmless, we must hold that it is such error as to require a new trial. See Elliott v. State, 77 Fla. 611, 82 Sou. Rep. 139, where similar evidence was held irrelevant and immaterial but not reversible error under the circumstances of that case when guilt was otherwise conclusively shown. See also Patterson vs. State, 23 Ala. App. 428, 126 Sou. Rep. 420; Goodman v. State, 20 Ala. App. 392, 102 Sou. Rep. 486.

In the trial of a criminal case, testimony that the father of the defendant on trial attempted to procure a witness not to testify before the Grand Jury investigating the crime charged, is irrelevant and immaterial, and should be excluded, unless some connection by defendant with such conduct of the father is shown, other than defendant's bare kinship to his father.

And the admission of such evidence will be held to have been reversible error, where this Court cannot say on the whole record that the proof of the guilt of the accused is so clear and satisfactory that the jury could have done nothing but convict the defendant, even if such evidence had been excluded.

Other errors of procedure assigned have been considered but are not sustained as grounds for reversal.

For the error pointed out the judgment must be reversed and a new trial awarded.

Reversed for a new trial.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.