335 So.2d 364 (1976)
Clarence COLEMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 75-974.
District Court of Appeal of Florida, Fourth District.
July 23, 1976.
*365 Richard L. Jorandby, Public Defender, Frank B. Kessler and Paul Herman, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Ira N. Loewy, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Appellant-defendant, Clarence Coleman, Jr., appeals a judgment adjudging him guilty and imposition of sentence for the offense of robbery. We reverse.
Appellant was charged by information with the robbery of one Kenneth James Hanna. Trial was by jury. The jury returned a verdict finding appellant guilty of the robbery charged. The trial court entered judgment accordingly and imposed sentence. It is from this judgment and sentence that the appellant takes his appeal.
On appeal appellant contends that the trial court committed reversible error in admitting testimony of Kenneth James Hanna to the effect he, Kenneth James Hanna, had been offered one hundred dollars not to testify against appellant at trial. We must agree. Such testimony was not only hearsay but was totally immaterial to the issue at trial, viz., did the appellant rob Kenneth James Hanna. The only purpose that the testimony could have served was to create prejudice in the minds of the jury based on the suggestion that appellant himself offered or appellant procured a third person to offer Kenneth James Hanna one hundred dollars not to testify against him (appellant) at trial.
Accordingly, the judgment and sentence herein appealed is reversed and the cause is remanded for new trial.
Reversed and remanded, with directions.
CROSS, J., and WEAVER, SIDNEY M., Associate Judge, concur.
DOWNEY, J., specially concurs, with opinion.
DOWNEY, Judge (concurring specially).
In my judgment the appellant is entitled to a new trial because the circuit court should have granted appellant's motion for a mistrial after Kenneth Hanna, the purported robbery victim, testified that someone other than appellant  not acting with appellant's knowledge  offered him $100 to not testify in the case. That testimony was inadmissible hearsay, and I therefore concur in the decision to reverse.
I would also point out that the circuit court should have granted appellant's motion to strike the unresponsive testimony of Carl Lord, a polygraph operator, that appellant had been convicted of a narcotics charge in 1974.