PER CURIAM.
The defendant was found guilty of involuntary sexual battery by a jury and was sentenced to one year in the Dade County stockade. On this appeal from the judgment, he has presented five points, four of which are as follows: (1) The evidence was not sufficient to show lack of consent to the intercourse. (2) A new trial should be granted because of comments by the prosecuting attorney in closing argument. (3) The court erred in allowing the introduction into evidence of a pretrial statement of the codefendant. (4) The court erred in admitting into evidence a pretrial statement of this defendant. The fifth point is of suffi *201 cient importance that it should be set out in its entirety:
“Whether the State committed reversible error in offering into evidence testimony that the defendant’s brother offered the victim’s boyfriend money to testify for the defense.” [Emphasis added]
The first four points do not present reversible error. The evidence was conflicting but sufficient to prove lack of consent depending upon which of the witnesses told the truth. The comments here objected to were in the main, not objected to in the trial, and in no instance were the comments so objectionable to require a new trial. The pretrial statements were properly admitted where there was no motion to sever the trial of the two defendants and the statements were voluntary.
The admission, over objection, of a witness’s testimony that someone other than the defendant, or someone not shown to be acting with defendant’s knowledge, offered that witness $200.00 to testify falsely for the defendant is grounds for the granting of a mistrial, and the denial thereof would be reversible error. Coleman v. State, 335 So.2d 364 (Fla. 4th DCA 1976). No error appears in this case because the action complained of (the offering of evidence) was not an action of the court. No objection nor motion for mistrial appears in the record. Our review of the circumstances of the offer convinces us that the defendant was not deprived of a fair trial. Therefore, no fundamental error appears.
Affirmed.