380 So.2d 511 (1980)
Nettie BYER, Appellant,
v.
FLORIDA REAL ESTATE COMMISSION, Appellee.
No. 79-1200.
District Court of Appeal of Florida, Third District.
February 26, 1980.
Weinsoff & Weinsoff and Robert D. Klausner, Miami, for appellant.
Salvatore A. Carpino, Tallahassee, for appellee.
*512 Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
This appeal is predicated upon an order of the Florida Real Estate Commission suspending Appellant Byer's real estate license for six months upon a finding that she violated Sections 475.25(1)(a) and 475.25(3), Florida Statutes (1975). The Florida Real Estate Commission found that appellant had improperly solicited advance listing fees by quoting unrealistically high prices at which the property could not be sold; that she knew or should have known that her employer Continental Marketing Services, Inc. was organized for the primary purpose of obtaining listings of property for a fee; that she knew or should have known that Continental's representations that the property would be sold for several times the purchase price were false; and that she had breached a duty to deal fairly and honestly with clients by ending her involvement in the transaction immediately upon receiving her share of the advance listing fee.
We find that the Florida Real Estate Commission improperly rejected the hearing officer's recommendations that the Commission take no action against appellant's license, and reverse.
Deposition testimony disclosed that during the period appellant was in the employ of Continental Marketing Services as a broker salesman, two property owners were contacted by telephone by a caller who represented herself as Nettie Byer. The caller stated that upon payment of an advance listing fee, Continental would list the property, advertise it widely within the United States and abroad, and sell it for several times the original purchase price. The fees were paid, contracts executed, and the property was advertised. No guarantees of sale were made by the caller, but evidence was presented that the properties were not worth the prices suggested by the caller as the prices at which the property could be sold.
The Florida Real Estate Commission found that appellant had been in Continental's employ for almost five months and had been registered as a real estate salesman for 12 years. It concluded that as a result of the length of time she had been engaged in real estate activities and in the employ of Continental, she knew or should have known that the quoted prices were unrealistic.[1]
The Commission also concluded that evidence pertaining to the identification of Appellant Byer, which was excluded by the hearing officer, should have been admitted in accordance with Section 120.58(1)(a), Florida Statutes (1977). It contends that appellant's alleged self-identification, coupled with her association with Continental at the time the phone calls were made, establishes her identity as the caller.
1. Caller self-identification is not competent evidence of identity. Killingsworth v. State, 90 Fla. 299, 105 So. 834 (1925); Price v. State, 208 Ga. 695, 69 S.E.2d 253 (1952); and Burton v. Pacific Mutual Life Insurance Co., 368 Pa. 613, 84 A.2d 310 (1951). Although hearsay evidence may be used to supplement or explain other evidence, it is not sufficient in itself to support a finding unless it would be admissible over objection in civil actions. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977); § 120.58(1)(a), Fla. Stat. (1977). See also: Astore v. Florida Real Estate Commission, 374 So.2d 40 (Fla. 3d DCA 1979), and Pasco County School Board v. Florida Public Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977). Neither of the witnesses had talked with appellant prior to the incident involved in this case. Neither witness was able to identify the voice of the caller other than by the caller's statement. The statements of the caller were therefore insufficient to identify appellant.
2. There is no evidence that appellant knew of any unlawful practice conducted by her employer, nor is there any evidence *513 that Continental's conduct was in any way fraudulent. In light of our finding that the evidence was insufficient to connect appellant with the telephone calls made to the witnesses, it is not necessary for us to consider whether appellant had knowledge of her employer's conduct. We note in passing, however, that Brod v. Jernigan, 188 So.2d 575 (Fla. 2d DCA 1966) holds that fraud cannot be predicated on statements which are promissory in nature or constitute expressions of intention, so that even if appellant had knowledge of the conduct of Continental, no act on her part has been shown sufficient to constitute a violation of the statutes in question since appellant merely suggested prices to the witnesses, who were in no way guaranteed their property would be sold.
To summarize, the case before this court presents a total absence of evidence to support the decision of the Commission. Appellant was not properly identified as the caller, was not shown to have had knowledge of any unlawful activities by her employer, and she was not shown to have engaged in any unlawful act.
For the foregoing reasons, we reverse the decision of the Florida Real Estate Commission and reinstate appellant's license.
NOTES
[1] The prices for the property involved purchase prices of $2,100 and $1,695 valued for sale at $16,000 and between $8,500 and $9,500 respectively.