385 So.2d 1042 (1980)
Samuel Ray JONES, Appellant,
v.
STATE of Florida, Appellee.
No. SS-222.
District Court of Appeal of Florida, First District.
June 9, 1980.
Rehearing Denied July 29, 1980.
Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant was found guilty of sexual battery and kidnapping by a jury and this appeal was taken from the judgment and resulting sentence. He has presented four points on appeal, two of which merit discussion and are as follows: (1) The court erred in denying a motion for mistrial when the prosecutor insinuated during questioning of a state witness that threats had been made against the witness if she testified against appellant. (2) The trial court should have dismissed the kidnapping count in the information for failure to state the particular felony appellant allegedly intended to commit or facilitate by the confinement of the victim. We agree and reverse.
Appellant contends the trial court erred in denying his motion for mistrial when the prosecutor insinuated during questioning of a state witness, Ruby Davis, that she had been threatened by someone if she testified against appellant. The trial transcript indicates that the prosecutor asked Davis, on redirect examination, whether anyone had threatened her if she testified against appellant. Although appellant objected to the question, the trial court denied the objection. Then, outside the presence of the *1043 jury, appellant moved for mistrial and renewed his objection to admitting testimony as to alleged threats against Davis, contending such testimony was irrelevant and prejudicial. The trial court denied the objection and motion for mistrial and thereafter, in the presence of the jury, the following examination took place:
BY MR. EDWARDS [prosecutor]:
Q. Ruby, back up to the last question I asked you. Has anyone threatened you with regard to your testimony here today?
A. No.
Q. Have you gotten the word from the street that something will happen to you?
MR. COTNEY [defense counsel]:
Your Honor, I'm going to object. She testified, "No."
THE COURT:
Objection overruled.
BY MR. EDWARDS:
Q. Ruby, have you had any conversation about what would happen to you about testifying here today?
A. No, sir.
Q. Did we discuss earlier about that?
A. Yes.
Q. All right. And what did you say at that point just a few minutes ago?
A. When?
Q. Right when you were sitting right there in that chair.
A. What you asked me?
Q. About statements being made to you about your testimony here today.
A. I understood what you had said in the office.
Q. When we were down here and you were testifying awhile ago before you identified the Defendant in this case, did you tell us about some conversation about your testimony here?
MR. COTNEY:
Your Honor, I'm going to object not only to Counsel attempting to testify, but he's also leading the witness.
MR. EDWARDS:
I'm asking an objective question, Your Honor.
THE COURT:
Objection is overruled.
THE WITNESS:
I can't remember.
MR. EDWARDS:
Okay. All right. I have no further questions.
Additionally, appellant renewed his motion for mistrial and again raised the issue in his motion for new trial, both of which were denied by the trial court.
The clear impression from the above examination of the witness by the prosecutor was that appellant, or someone connected with him, had made threats against the witness to keep her from testifying against appellant. There was no attempt to show appellant had either made such threats or was aware that threats had been made against the witness. Moreover, the evidence was presented in such a way as to insinuate in the minds of the jury that appellant was guilty because someone had threatened the witness.
An attempt by a defendant or third person to induce a witness not to testify or to testify falsely is admissible on the issue of defendant's guilt, provided it is shown that the attempt was made with the actual participation, knowledge, or authorization of the defendant. Duke v. State, 106 Fla. 205, 142 So. 886 (1932). Absent a link to the defendant, the issue of whether a witness is subject to improper influence is irrelevant and collateral to the issue of whether the defendant committed the crime for which he is charged and its admission over objection is grounds for the granting of mistrial and the denial thereof would be reversible error. Johnson v. State, 355 So.2d 200 (Fla.3d DCA 1978). Furthermore, the admission of such evidence could only serve to create undue prejudice in the minds of the jury against the accused. Coleman v. State, 335 So.2d 364 (Fla. 4th DCA 1976).
*1044 Since there was no evidence presented to connect appellant to any threats against the witness as insinuated by the prosecution in its examination, appellant's motion for mistrial should have been granted.
Inasmuch as appellant may be retried, it is appropriate to address the issue of whether the trial court erred in denying appellant's motion to dismiss the kidnapping count of the information for failure to state the particular felony he intended to commit or facilitate by the alleged kidnapping. The information states:
And for a second count of this information your informant further charges that Ralph Warren Hall and Samuel Ray Jones, on the 18th day of April, 1978, in the County of Duval and State of Florida, without lawful authority did then and there forcibly, secretly, or by threat, confine, abduct or imprison another person, to wit: Bryan Bruce, against Bryan Bruce's will, with the intent to commit or facilitate the commission of any felony, in violation of Florida Statute 787.01. (Emphasis added)
Section 787.01(1)(a), Florida Statutes (1977), provides:
`Kidnapping' means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without authority, with intent to:
* * * * * *
2. Commit or facilitate commission of any felony.
Appellant contends the kidnapping charge was insufficient to state a crime, and prejudiced him in preparation of his defense and in protecting him from double jeopardy by its failure to allege the felony which he intended to commit by the secret confinement of Bryan Bruce.
The trial court erred in not dismissing the kidnapping count against appellant because the information does not set out or describe the felony that the defendant was intending to facilitate or commit by the act of secretly confining Bryan Bruce. The identity of the felony appellant was allegedly intending to facilitate or commit was an essential element of the crime charged and was essential to an adequate information that complied with Rule 3.140(d)(1), Florida Rules of Criminal Procedure. The omission of such a material portion of the charge rendered the information so vague and indefinite as to mislead the appellant, prejudicing the preparation of his defense. The fact that Count I of the information charged appellant with sexual battery is of no consequence. Each count of the charging document must stand alone and cannot be determined by reference to another count. Davis v. State, 371 So.2d 721 (Fla.1st DCA 1979).
The remaining points urged for reversal by appellant have been considered and rejected. Accordingly, the judgment and sentence is reversed and the case is remanded for a new trial.
ERVIN and SHAW, JJ., concur.