BOARDMAN, Acting Chief Judge.
Dale Dean Goins appeals his convictions and sentences for second-degree murder, kidnapping, robbery with a firearm, and attempted involuntary sexual battery. He raises six points on appeal, one of which merits discussion: whether Count II of the indictment sufficiently alleged the crime with which appellant was charged. Our first impression was to affirm; however, based on Jones v. State, 385 So.2d 1042 (Fla. 1st DCA 1980), we reverse.
Count II of the indictment states, in pertinent part, that appellant
did, without lawful authority, forcibly, secretly, or by threat, kidnap, confine, abduct, or imprison Stephanie Michelle Hawkins, against the will of the said Stephanie Michelle Hawkins, with the intent to commit or facilitate commission of any felony, contrary to Chapter 787.01, Florida Statutes. . . . (Emphasis added.)
The trial court erred in not dismissing this count against appellant because the indictment does not identify or describe the felony that appellant allegedly intended to commit or facilitate, which is an essential element of the crime of kidnapping. Fla.R. Crim.P. 3.140(d)(1). The omission of such a material element rendered the indictment so vague and indefinite as to mislead appellant, prejudicing the preparation of his defense. Jones v. State, supra.
Although appellant was charged with other felonies in the same indictment, allegations in a multiple-count information or indictment must stand separately. State v. Dye, 346 So.2d 538 (Fla. 1977). The state filed a statement of particulars, but it does not cure the fundamental defect of failure to give appellant adequate notice of the charges. State v. Black, 385 So.2d 1372 (Fla. 1980).
We note that appellant was given consecutive life sentences on the second-degree murder, kidnapping, and robbery charges and fifteen years on the attempted sexual *1200 battery charge, also to run consecutively. Our reversal of the kidnapping count will merely eliminate one life sentence.
The remaining points argued by appellant have been considered and rejected. Accordingly, the judgment and sentence for kidnapping are reversed and the cause remanded with directions to dismiss the kidnapping charge.
AFFIRMED in part, REVERSED in part, and REMANDED.
RYDER and DANAHY, JJ., concur.