423 So.2d 1017 (1982)
Jasper Otis REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 82-264.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Jasper Otis Reeves appeals the final judgment, sentence, and order adjudicating him guilty of the sale of marijuana, sentencing him as a youthful offender for a term of two years, and ordering the sentence to be followed by two years of community control. He claims the trial court erred by overruling his objection to testimony concerning a telephone call, although counsel for both sides argued the point before the jury was allowed to hear it. The objection was timely and sufficient to preserve the question for review. See Gaines v. State, 406 So.2d 523 (Fla. 4th DCA 1981).
After appellant's objection was overruled, the witness told the jury that a man telephoned her and identified himself as the person who sold her some marijuana.[1] She then was asked to relate the conversation to the jury; and the following transpired:
A He said that I should be getting a paper soon to go to court and just to say that I don't know him and I told him, I say well, I don't know you, if they would bring you to me now I still don't know you cause I didn't look at you that well and so he said okay and I said okay and that was it.

*1018 Q How  how did he identify himself?
A This is the dude that you bought the reefer from.
Q And he said that you should say you didn't know him?
A Just say you don't know me.
Q When did this conversation take place, about how long after the incident?
A I don't know.
Q Was it within a week, within a month?
A It wasn't no month maybe some weeks but it wasn't no month I don't think.
The question is whether the trial court erred by allowing the witness to testify, over timely objection, about the telephone call she received concerning her testimony in the case. We conclude it did; therefore, we reverse and remand for new trial.
In Coleman v. State, 335 So.2d 364 (Fla. 4th DCA 1976), this court reversed a robbery conviction and remanded for new trial because the trial court admitted the victim's testimony that he had been offered money not to testify at trial. This court held the "testimony was not only hearsay but was totally immaterial to the issue at trial, viz., did the appellant rob [the victim]. The only purpose that the testimony could have served was to create prejudice in the minds of the jury... ." Id. at 365.
Recently, in Jones v. State, 385 So.2d 1042 (Fla. 1st DCA 1980), the court reversed a judgment and sentence for kidnapping and sexual battery and remanded for new trial. One of the grounds for reversal was an impression left by the prosecutor on the jury that a witness had been threatened to keep her from testifying at trial. The attorney for appellant had objected during the testimony and later moved for a mistrial outside the presence of the jury on the grounds that the testimony was irrelevant and prejudicial. The trial judge denied the motion and allowed further testimony.
The appellate court held:
An attempt by a defendant or third person to induce a witness not to testify or to testify falsely is admissible on the issue of defendant's guilt, provided it is shown that the attempt was made with the actual participation, knowledge, or authorization of the defendant. Duke v. State, 106 Fla. 205, 142 So. 886 (1932). Absent a link to the defendant, the issue of whether a witness is subject to improper influence is irrelevant and collateral to the issue of whether the defendant committed the crime for which he is charged and its admission over objection is grounds for the granting of mistrial and the denial thereof would be reversible error. Johnson v. State, 355 So.2d 200 (Fla. 3d DCA 1978). Furthermore, the admission of such evidence could only serve to create undue prejudice in the minds of the jury against the accused. Coleman v. State, 335 So.2d 364 (Fla. 4th DCA 1976).
Id. at 1043. In the present case, it was not proven that Reeves actually participated in, knew of, or authorized the telephone conversation with the witness;[2] therefore, admission of the testimony constituted harmful error.
DOWNEY and BERANEK, JJ., concur.
NOTES
[1] Before this witness testified, a police officer had identified Reeves as the man who approached the witness' "car carrying something in his hands ..., leaned into [it] and turned around and walked away." The "something" was a bag containing three grams of marijuana. The witness, never able to positively identify Reeves, stated that a hat introduced into evidence through the police officer was not the one worn by the person who approached the car.
[2] We note in passing that in Byer v. Florida Real Estate Commission, 380 So.2d 511, 512 (Fla. 3d DCA 1980), it was held that a telephone caller's self-identification, without more, was "not competent evidence of identity."