427 So.2d 378 (1983)
D. Richard HOLMES, Appellant,
v.
Daniel P. MERNAH, Appellee.
No. 80-2116.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
Harvey J. Garod of Shutts & Bowen, Lake Worth, for appellant.
No appearance for appellee.
*379 GLICKSTEIN, Judge.
The appellant/landlord seeks review of a final judgment following an adverse jury verdict in favor of the appellee/tenant in an action for assault and battery brought by the landlord. We reverse and remand for new trial.
Appellant's sole argument, with which we agree, is that the trial court erred in permitting the tenant to litigate at the trial his defense of privilege based upon the landlord's status as a trespasser. He points out that appellee neither pled such defense in his answer nor included it in his pre-trial stipulation; therefore, he says, the defense was waived.[1]
That the claimed error was harmful can be concluded by the fact that the jury easily could have found against appellant based on appellee's testimony and the trial judge's instruction as to privilege.[2] Appellee testified that, although told repeatedly to leave the home appellee was renting from appellant, the latter refused to do so. Instead, appellant threw appellee's bicycle against the wall. Then appellant stood there with a look of refusal, so appellee pushed him out of the door and continued to push him when they were outside of the home. The trial judge instructed the jury that one who fails to remove himself upon request from the land of a person lawfully in possession is a trespasser; and that an occupant is authorized to use reasonable and appropriate means  including force  to eject a trespasser.
Such proof required a foundation in the pleadings. Thus, while Florida Rule of Civil Procedure 1.190(b) expressly permits the trial court to amend pleadings to conform with the evidence at trial,[3] it does not relieve an attorney from the obligation to prepare for trial, particularly when his opponent timely informs the trial judge of the omission. Here, appellant timely brought the matter to the trial judge's attention by way of an oral motion in limine which was made very early in the trial while the jury was excused and before either party testified upon the issue of privilege. The motion expressly sought to exclude the testimony on the issue.
Although there are affidavits in the record as to a subsequent objection also being made, the record does not so reflect. The absence of a subsequent objection, however, is not fatal. In Reeves v. State, 423 So.2d 1017 (Fla. 4th DCA 1982); and in Gaines v. State, 406 So.2d 523 (Fla. 4th DCA 1981), we considered as timely an objection made by counsel immediately prior to the witness taking the stand. We do not encourage the practice, obviously; but the present motion in limine, made during trial, had the same effect as the early objections in Reeves and Gaines. In yet another case  decided by the First District Court of Appeal  the filing of a motion in limine after the state rested its case was held to be a sufficient objection for the purpose of review. Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA), petition for review denied sub nom. State v. Hall, 419 So.2d 1200 (Fla. 1982). Cf. Parry v. Nationwide Mutual Fire Insurance Co., 407 So.2d 936, 937 (Fla. 5th DCA 1982) (motion in limine and general objection prior to testimony held insufficient to preserve error for review). Because the trial judge was given the opportunity to prevent the error by the motion in limine, we perceive no logical reason not to consider it as sufficient in this case.
LETTS, C.J., and DOWNEY, J., concur.
NOTES
[1] See Maass v. Christensen, 414 So.2d 255, 258 (Fla. 4th DCA 1982).
[2] Appellant timely objected to the instruction.
[3] Florida Rule of Civil Procedure 1.190(b) provides, in part:

If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.