THOMPSON, Judge.
In this appeal from a judgment of guilt and sentence for the crime of sexual battery, Burton contends the trial judge erred in: (1) admitting into evidence certain hearsay testimony that was highly prejudicial to Burton, and (2) entering judgment on the sexual battery charge after the State had proposed, and Burton had accepted, an agreement whereby Burton would plead guilty to a lesser offense. We affirm in part and reverse in part.
Burton’s second contention is without merit, since the record does not reflect that any plea agreement was ever formally approved by the trial judge pursuant to Fla.R.Crim.P. 3.172(f). However, we agree that the admission into evidence of prejudicial hearsay requires reversal and remand for new trial.
During direct examination of the victim, the prosecutor posed the following question and elicited the following answer:
Q. Has this defendant contacted you since this event?
A. He has called me up and he has stated he is sorry for what has happened and he has also tried to bribe my mother by saying that he would pay—
Defense counsel’s prompt objection on relevancy grounds was overruled, whereupon the victim volunteered the following testimony:
WITNESS: He has said that he would pay her, you know, to forget the whole incident.
Defense counsel immediately renewed his objection, urging as additional grounds therefor the fact that anything the victim’s mother may have said to the victim was hearsay. The victim then interposed with the statement “I was right there when he called ...,” but was .interrupted by the judge and by the arguments of counsel. Although the trial judge acknowledged that the victim was “saying what her mother said he said,” he ruled that because the appellant was the declarant, and because the testimony as to what the mother said was not offered to prove the issue, the testimony was not hearsay. The witness was then permitted to elaborate on the testimony as follows:
.WITNESS: I was standing right by the phone when he called her and told her that he would pay to forget the whole incident, that he was sorry for what he has done. And he has also talked to me and told me that he was sorry for what he had done because at the time that he was mad with his wife and that’s how come he came down there and he took it out on me.
Defense counsel’s renewed objections and motions for mistrial made at the close of the evidence and at the hearing on his motion for new trial were denied. They should have been granted.
In Jones v. State, 385 So.2d 1042, 1043 (Fla. 1st DCA 1980), this court held:
An attempt by a defendant or third person to induce a witness not to testify or to testify falsely is admissible on the issue of defendant's guilt, provided it is shown that the attempt was made with the actual participation, knowledge, or authorization of the defendant_ Absent a link to the defendant, the issue of whether a witness is subject to improper influence is irrelevant and collateral to the issue of whether the defendant committed the crime for which he is charged *357 and its admission over objection is grounds for the granting of mistrial and the denial thereof would be reversible error .... Furthermore, the admission of such evidence could only serve to create undue prejudice in the minds of the jury against the accused, (citations omitted).
Although it is questionable whether the victim’s testimony that “he” telephoned to apologize and to offer a bribe was sufficient to identify Burton as the person who attempted to induce the witness not to testify, see, e.g., Reeves v. State, 423 So.2d 1017 (Fla. 4th DCA 1982); Byer v. Florida Real Estate Commission, 380 So.2d 511 (Fla. 3d DCA 1980), we find it unnecessary to decide this issue. This is because the victim’s testimony concerning the bribe offer allegedly made by Burton to her mother was clearly inadmissible hearsay. See §§ 90.801-806, Fla.Stat. Although the trial judge stated during argument on Burton’s motion for new trial that he believed the victim had testified that she actually overheard the alleged telephone conversation between Burton and her mother, the record reveals that the judge’s recollection was incorrect. The above-quoted excerpts from the trial transcript constitute the entirety of the victim’s testimony concerning the alleged telephone calls. The fact that the witness was “right there” or was “standing right by the phone” when the mother received the call does not adequately support any inference that the victim herself heard the caller offer to exchange money for the witness’s silence.
The hearsay statement was that Burton had offered a bribe. The declarant was the victim’s mother, not Burton. Because it cannot be fairly said that the testimony was offered for any purpose other than to prove truth of the matter asserted, i.e., that Burton offered the victim’s mother a bribe, the testimony was inadmissible hearsay. The testimony was prejudicial as a matter of law. Jones; Coleman v. State, 335 So.2d 364 (Fla. 4th DCA 1976). Accordingly, this ease is reversed and remanded for new trial.
MILLS and WIGGINTON, JJ„ concur.