547 So.2d 193 (1989)
Carlyle SAUNDERS a/K/a Carlot, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-532.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Rehearing Denied September 5, 1989.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.

ON REHEARING GRANTED
BARKDULL, Judge.
On rehearing the original opinion filed in this cause is withdrawn, and the following is substituted in its place.
*194 This is an appeal from convictions for the crimes of first degree murder with a firearm, attempted robbery with a firearm, and the sentence of life imprisonment with a required minimum of twenty-five years. The sole point raised by the defendant on this appeal is whether the trial court erred in permitting the prosecution to prove that another person had threatened the critical state witness in defendant's presence prior to trial, absent any evidence that defendant had authorized this person to threaten the witness or that such was done with defendant's approval, rendering the evidence of the threat irrelevant to any matters in issue at trial.
We disagree with the appellant's premise and affirm. The law is well settled that an attempt by the defendant or a third party to induce a witness not to testify is admissible on the issue of the defendant's guilt, providing that the attempt is made with the actual participation, knowledge, or authorization of the defendant. See Duke v. State, 106 Fla. 205, 142 So. 886 (1932); Reeves v. State, 423 So.2d 1017 (Fla. 4th DCA 1982); Jones v. State, 385 So.2d 1042 (Fla. 1st DCA 1980). Whether the witness was subjected to improper influence is irrelevant and immaterial, and should be excluded in the absence of some evidence connecting the defendant with the conduct of a third party. See Duke v. State, supra; Reeves v. State, supra; Jones v. State, supra. The appellant's assertion that there is no evidence to show that he authorized the third party to threaten the witness herein is insufficient to sustain his position in light of the record which revealed that the defendant was present when the threat was made,[1] and that he never expressed disapproval of the third party's threat. Therefore it appears that the threat made to the witness, if not induced by the appellant, was made with his knowledge and assent. As a result the testimony as to the threat was not prejudicial to the appellant and was properly admitted into evidence. See People v. Belvedere, 72 Ill. App.3d 998, 28 Ill.Dec. 649, 390 N.E.2d 1239 (1st Dist. 1979); Bennett v. Commonwealth, 175 Ky. 540, 194 S.W. 797 (Ct.App. 1917); Anno. 79 ALR 3d 1156.
Finding no error the convictions and sentences appealed herein are hereby affirmed.
Affirmed.
NESBITT, J., concurs.
JORGENSON, Judge, dissenting.
I respectfully dissent.
If Carlyle Saunders himself had threatened Keith Cliett, evidence of the threat would have been admissible. Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). Where a witness is threatened by a third party, however, it is the state's burden to link evidence of the threat with the defendant, otherwise the evidence is inadmissible to prove guilt. Norris v. State, 158 So.2d 803 (Fla. 1st DCA 1963), cert. discharged, 168 So.2d 541 (Fla. 1964); Duke v. State, 106 Fla. 205, 142 So. 886 (1932). I do not agree that Saunders's silent presence at the time Craig Jackson threatened Cliett suffices to show Saunders's prior knowledge of and assent to the threat.
The evidence against Saunders was wholly circumstantial. There was no physical evidence and no identification; Keith Cliett's testimony was the state's case. Under these circumstances, the court's error in admitting testimony concerning the alleged third-party threat against Cliett cannot be seen as harmless. "The weaker the case, the greater the danger that the *195 inadmissible evidence unfairly tipped the scales against the defendant." Libertucci v. State, 395 So.2d 1223, 1226 n. 6 (Fla. 3d DCA 1981), citing Richardson v. State, 335 So.2d 835 (Fla. 4th DCA 1976).
I would reverse.
NOTES
[1] On direct examination Keith Cliett testified as follows:

* * * * * *
"Q. After this case was filed, did there come a time when you were at a Discount Auto parts store when Carlyle was with Craig Jackson and the three of you came in contact with one another?
A. Yes, sir.
Q... . So when Carlyle was walking out of the store with Craig Jackson and you were walking in, what did he tell you?
A. I forget whether [w]alking in or out, but Craig, the one with the statement, he said I won't make it to Court. I won't make it to Court."
* * * * * *