POLEN, Judge.
Linda Mack appeals an order of the trial court granting a directed verdict to Dave Widrowicz, d/b/a A-DIA 747 Service (Wid-rowicz), on appellant’s suit for trover and conversion of appellant’s leased automobile. We reverse.
Appellant’s initial claims for emotional distress and defamation were the subject of a summary judgment in favor of appellee; her remaining claims for trover, conversion, and trespass proceeded to trial. Appellant claimed that she determined appel-lee was the proper party defendant, based on a telephone call to the Broward County Sheriff’s office following the disappearance of the car. She alleged they provided her with the telephone number of Widrowicz as the person responsible for the repossession of her car. She dialed the number provided by the sheriff’s office and spoke to a man who identified himself as Mr. Widrowicz, and who refused to discuss any chance she might have in recovering her automobile. At the close of appellant’s case, appellee’s counsel moved for a directed verdict on the grounds that appellant failed to show that the person she had called and spoken to was Dave Widrowicz the appellee, and therefore had insufficient evidence to support her claims for trespass, trover, and conversion. The trial court erred in granting appellee’s motion for directed verdict.
In Byer v. Florida Real Estate Commission, 380 So.2d 511 (Fla. 3d DCA 1980), the third district court held that telephone identification is not competent evidence of identity when no witness is able to identify the voice of the caller other than by the caller’s statement. However, the supreme court, in Zeigler v. State, 402 So.2d 365 (Fla.1981), while not specifically addressing Byer, held:
[Telephone conversations are competent evidence provided that the identity of the person with whom the conversation was had is established by direct evidence, facts or circumstances. 7 Wigmore on Evidence, § 2155 (3d 1978). The admissibility of these conversations is governed by the same rules of evidence concerning face-to-face conversations except the party against whom the conversations are sought to be used must be identified_ Circumstances both preceding and following the conversation sufficiently identified the caller as defendant. The completeness of the identification went to the weight of the evidence rather than to its admissibility.
Id. at 374. In the instant case, the corroborative facts relied on by appellant in support of her argument that the telephone conversation should have been admitted are (1) that the sheriff’s office, a reliable source of information, told her Mr. Wid-rowicz was the person/company responsible for the repossession of her automobile; (2) the sheriff’s office supplied her with the phone number of Mr. Widrowicz and his service; and (3) in response to her investigation of the whereabouts of her car, Mr. Widrowicz allegedly identified himself as “the callee” and supplied her with information (or refused to supply her with information) about the status of her automobile. Appellant argues that given these additional factors, the trial court erred in ruling that the testimony of the telephone call was inadmissible hearsay. We agree.
Appellee’s reliance on Reeves v. State, 423 So.2d 1017 (Fla. 4th DCA 1982), and Coleman v. State, 335 So.2d 364 (Fla. 4th DCA 1976), is misplaced. In Reeves, we held that the trial court, in a criminal prosecution, properly ruled inadmissible a telephone conversation in which the defendant was allegedly the caller, and for which there was no evidence that he either knew of or participated in the conversation. Moreover, the issues dealt with in the conversation were collateral to the current prosecution.
The Coleman case also dealt with the question of whether a criminal defendant in fact was one of the participants in an alleged telephone conversation. Further, the alleged conversation centered on whether the defendant had tried to affect a witness’ testimony by offering him a bribe. While Coleman and Reeves, like Zeigler, were criminal prosecutions, the distinctions lie in that Coleman and Reeves involve collateral issues, whereas the instant case involves an element of the offenses charged, and in neither of those cases was there the kind of corroborative evidence presented here.
*1223 Accordingly, the directed verdict in favor of appellee is reversed and the cause is remanded for the trial court to conduct a new trial consistent with this opinion.
DOWNEY and LETTS, JJ., concur.