BASKIN, Judge.
Robert Sawyer appeals convictions and sentences. We reverse.
Robert Sawyer was charged with first degree murder and unlawful possession of a firearm while engaged in a criminal offense.[1] The state’s eyewitness was walking home when she allegedly observed the defendant shoot at another man who was leaning over a third floor balcony. The eyewitness contacted the police the next morning and identified a photograph of the defendant as the assailant. At trial she testified that she recognized defendant and identified him as the person who had shot the victim. Later in the trial, however, she testified that a third person had committed the offenses. The trial court held an in camera hearing to determine the reason for the change in the witness’s testimony.
At the in camera hearing, the trial court questioned the witness about the change. From the witness’s answers to the court’s questions, the prosecutor learned that she would testify that she had lied because she had been paid money by the true assailant and was afraid of him. She stated that she was “scared” of “the person who did the murder.” The court asked, “You testified that it was Mr. Sawyer, is that who you are afraid of?” She replied, “No, I am not afraid of him.” (Emphasis supplied).
Although the prosecutor was aware that the witness did not intend to implicate the defendant or his family as the individuals who threatened her, the prosecutor nevertheless asked the witness in front of the jury:
Q. ... [IJsn’t it a fact that the reason you are changing your testimony is that you are scared now?
[[Image here]]
Q. What did you tell me when you were in my office?
[[Image here]]
Q. You didn’t want to testify because you had been threatened by members of the Defendant’s family?
The jury found the defendant guilty of both counts. The defendant appeals.
Because the threats against the witness were not attributable to the defendant, the testimony was irrelevant to the question of defendant’s guilt, was highly prejudicial, and should not have been admitted. State v. Price, 491 So.2d 536 (Fla.1986); Saunders v. State, 547 So.2d 193 (Fla. 3d DCA 1989); see Koon v. State, 513 So.2d 1253 (Fla.1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988). We therefore reverse the convictions and remand for a new trial.
Our disposition of this matter makes it unnecessary for us to reach the remaining point on appeal.
Reversed and remanded for a new trial.

. A third count was subsequently severed.