PER CURIAM.
The defendant, Earl Anthony Morgan, appeals from his convictions for the second degree murder of Alvin Foster [hereinafter referred to as Count I], the attempted second degree murder of Preston Stewart [hereinafter referred to as Count II], the attempted second degree murder of Anthony Alexander [hereinafter referred to as Count III], and the shooting of a deadly missile into an occupied dwelling [hereinafter referred to as Count IV].[1] We affirm in part, reverse in part and remand with instructions.
The defendant, while holding a gun, waved down a vehicle which was occupied by Foster, Stewart and Alexander. When the vehicle stopped, the defendant asked Stewart the whereabouts of his brother. *620 Stewart’s brother had allegedly shot one of the defendant’s friends the night before. Stewart replied that he did not know. Thereafter, the defendant pointed the gun at Stewart and shot him in the shoulder. Anthony Alexander testified that after the defendant shot Stewart, four or five more shots were fired into the car. Additionally, Alexander testified that he was scared when the shots were fired. Foster started to drive away, but crashed into a building. At that point Stewart and Alexander got out of the car and fled. Thereafter, Stewart and Alexander called the police. Stewart was taken to the hospital, and Foster was found dead next to the car.
During his opening statement, the defense counsel attacked Stewart’s credibility by arguing that it took him about one year to identify the defendant as being involved in the shooting. During trial, over the defense counsel’s objection, Stewart was permitted to testify that he was afraid that he would be killed if he testified against the defendant. The State also elicited from Stewart, over objection, that in Lake Lu-cerne if you become a witness against the person who shot you, you will have to hide for the rest of your life. The defendant moved for a mistrial arguing that there was no evidence that the defendant had ever threatened Stewart. The trial court denied the motion.
During the charge conference, the defense counsel requested that the jury be instructed on the category two lesser included offense of aggravated battery as to Count II and on the category two lesser included offense of aggravated assault as to Count III. The trial court refused to instruct the jury on aggravated battery and aggravated assault.
The defendant was found guilty of the second degree murder of Foster (Count I), the attempted second degree murder of Stewart (Count II), the attempted second degree murder of Alexander (Count III), and shooting a deadly missile into an occupied dwelling (Count IV). This appeal followed.
First, the defendant argues that the trial court erred in denying his motion for mistrial where the prosecution, over objection, elicited from Stewart that the reason that he did not immediately come forward and identify the defendant as being involved in the shooting was because he was afraid that he would be killed if he testified against the defendant. Under the circumstances, we find that the trial court did not err in denying the motion for mistrial.
Evidence which demonstrates that a witness was threatened or in fear for his life is irrelevant and inadmissible if the prosecution cannot link the threats to the defendant. See Duke v. State, 106 Fla. 205, 142 So. 886 (Fla.1932); Saunders v. State, 547 So.2d 193 (Fla.3d DCA 1989), rev. denied, 562 So.2d 347 (Fla.1990); Reeves v. State, 423 So.2d 1017 (Fla.4th DCA 1982). In the instant case, during opening statement the defense counsel attacked Stewart’s credibility by arguing that he fled and did not immediately come forward to give the police a statement. The defense counsel’s opening statement invited the State’s inquiry as to why Stewart left town and did not immediately come forward. See Schwarck v. State, 568 So.2d 1326 (Fla.3d DCA 1990); Jones v. State, 355 So.2d 198 (Fla.3d DCA 1978).
Second, as the State properly concedes, the trial court erred in failing to instruct the jury as to the category two lesser included offense of aggravated battery as to Count II. Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978). Accordingly, the defendant’s conviction for attempted second degree murder in Count II is vacated.
Finally, the trial court erred in failing to instruct the jury on the category two lesser included offense of aggravated assault as to Count III since the indictment alleged sufficient facts to establish an aggravated assault and the testimony at trial established an aggravated assault. Id. Accordingly, the defendant’s conviction for attempted second degree murder in Count III is vacated.
Accordingly, the defendant’s convictions as to Counts I and IV are affirmed; the defendant’s convictions as to Counts II and *621 III are vacated; and this cause is remanded to determine whether the defendant’s sen-fences for Count I and Count IV are affected by the fact that the defendant’s convictions for Counts II and III were vacated,
Affirmed in part; reversed in part and remanded with instructions.

. The defendant was charged with the first degree murder of Foster (Count I), the attempted first degree murder of Stewart (Count II), the attempted first degree murder of Alexander (Count III), and shooting a deadly missile into an occupied dwelling (Count IV).