PATTERSON, Acting Chief Judge.
John Cephas appeals from the final order of the Public Employees Relations Commission (PERC) which finds just cause for discharge from employment. We reverse on grounds of insufficient evidence of misconduct.
Cephas worked for appellee Department of Health and Rehabilitative Services (HRS) as an interviewing clerk for the Women, Infants, and Children (WIC) program, which issues cheeks for the purchase of food. On September 2, 1994, Cephas issued four WIC checks to Tawanda Baker, a client of the WIC program. In December 1995, Baker filled out a tenant application form for an apartment. Baker stated on the application that she was an HRS employee, that she worked in the WIC program, and that Ce-phas was her supervisor. Baker placed Ce-phas’s name, his personal post office box address, and his office telephone number on the application.
On January 3, 1996, the apartments’ leasing agent, Tesa McMillion, telephoned HRS to verify Baker’s employment. McMillion called the telephone number that Baker had given on her housing application, that of Ce-phas’s WIC office in Plant City. McMillion spoke to a male who identified himself as “Mr. Cephas.” He stated that he was Baker’s immediate supervisor. He further stated that Baker worked at the WIC office as a word processor, she was a good worker, she had worked for the agency since November 19, 1994, and her salary was $1,400 per month. The next day, McMillion attempted to call Baker to inform her that her application had been approved. McMillion was unable to reach Baker at home; therefore, she tried to reach her at work by calling the WIC office in Plant City. The person who answered the telephone stated that Baker was not employed at that office. Subsequently, through telephone conversations with other HRS employees, McMillion discovered that Baker was neither an HRS nor a State employee, and that Cephas was neither a supervisor nor Baker’s immediate supervisor. The telephone conversations in which McMillion found these discrepancies in Baker’s application resulted in a subsequent HRS investigation and the disciplinary action against Ce-phas.
Cephas received his employment dismissal notice from HRS on April 26,1996, for misconduct. He filed a timely appeal with PERC, which was heard on June 12, 1996. On July 8, 1996, the PERC hearing officer entered a recommended order affirming the agency’s action. PERC adopted the recommended order and dismissed Cephas’s appeal in its August 12, 1996, final order. Cephas challenges this order on appeal. He argues that the hearing officer erred in relying solely on hearsay evidence to support his finding of misconduct.
Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. See § 90.801, Fla. Stat. (1995). McMillion’s telephone conversation testimony was not offered to prove the truth of the matter asserted, i.e., whether Baker worked at the WIC office. Rather, it was admitted to prove that Cephas, as the recipient of MeMillion’s call, used his position as an agency employee to make false statements concerning Baker’s employment. Therefore, it was not hearsay. It was a “verbal act,” indicating that the call was made and the contents of the call. See Decile v. State, 516 So.2d 1139 (Fla. 4th DCA 1987). However, the evidence was not sufficient to support a finding of misconduct because McMillion’s testimony did not establish Cephas’s identity as the recipient of the call. Telephone conversations are only competent evidence if “the identity of the person with whom the conversation was had is established by direct evidence, facts or circumstances.” Zeigler v. State, 402 So.2d 365, 374 (Fla.1981). McMillion conceded that she had never heard Cephas’s voice before and that she had only one telephone conversation with someone claiming to be Cephas. No other facts or circumstances were introduced to establish that Cephas was the recipient of the call. HRS argues that it was unlikely *9 that, when McMillion called, a person other than Cephas was seated at Cephas’s desk who identified himself as “Mr. Cephas” and gave out false information about Baker’s employment. However, HRS could not rely on a presumption that the person answering Cephas’s telephone was Cephas. HRS was required to establish Cephas’s identity by corroborative facts. See Mack v. Widrowicz, 556 So.2d 1221 (Fla. 4th DCA 1990). Because no such evidence was introduced, we reverse.
Reversed.
BLUE and WHATLEY, JJ., concur.