772 So.2d 556 (2000)
Arthur Lanier HORNE, Appellant,
v.
Alphonso HUDSON, Jr. and Nedra K. Chamblis, Appellees.
No. 1D99-3274.
District Court of Appeal of Florida, First District.
October 12, 2000.
Rehearing Denied November 16, 2000.
*557 Jamie D. Liang of Granger, Santry & Heath, P.A., Tallahassee, for Appellant/Cross-Appellee Arthur Lanier Home.
Tammy de Soto Cicchetti of The Cicchetti Law Firm, Tallahassee, for Appellee/Cross-Appellee Nedra K. Chamblis
Robert Scott Cox of Cox & Burns, P.A., Tallahassee, and Robert M. Ervin, Jr. of Ervin, Varn, Jacobs & Ervin, Tallahassee for Appellee/Cross-Appellant Alphonso Hudson, Jr.
PER CURIAM.
This is an appeal from a jury verdict and final judgment awarding damages in favor of appellee Alphonso Hudson, Jr., and assigning the entire responsibility for such damages to appellant, Arthur Lanier Home. The remaining appellee, Nedra K. Chamblis, was a co-defendant before the trial court. The majority of the arguments raised by appellant involve the trial court's decision to admit extensive evidence concerning appellant's past use of prescription medication, despite the absence of evidence that appellant was in fact under the influence of such medication at the time of the subject accident. As appellant has argued on appeal, we can find no authority for the trial court's action in admitting this evidence. Nevertheless, we are constrained to affirm because the issue has not been preserved for appeal.
Before trial, appellant filed two motions in limine seeking to exclude "any and all evidence of prescription medications" prescribed to appellant both before and after the subject accident. Despite strenuous argument by appellant, the trial judge denied these motions. Before the jury was sworn in this case, appellant renewed the pretrial motion in limine "to exclude all evidence of any kind of prescription drug use just for the record." During trial, co-defendant Nedra Chamblis proceeded to put on volumes of evidence of appellant's prior prescription drug use. Appellant never made any objection to any of this evidence, and at one point faced with a proffer by Chamblis of a chart of appellant's prescription drugs and numerous medical depositions concerning appellant's prescription drug use, stood mute in the face of the court's inquiry, "[T]hese are being admitted without objection?" Throughout this voluminous record, no specific objection was ever raised by appellant to any particular piece of evidence concerning his history of prescription drug use.
In Florida, a motion in limine is not sufficient to preserve an error for review if no contemporaneous objection was made at the time the evidence was offered at trial. See Correll v. State, 523 So.2d 562 (Fla.1988). "Even when a prior motion in limine has been denied, the failure to object at the time [evidence] is introduced *558 waives the issue for appellate review." Id. at 566; see also Butts v. State, 733 So.2d 1097 (Fla. 1st DCA 1999). The rule is particularly applicable in the present context where Chamblis introduced numerous items of evidence concerning Horne's prior drug use. This evidence consisted of both records of prescriptions and testimony from medical doctors. As often happens in a trial, this evidence cut both ways. For instance, the very doctors who testified concerning Mr. Horne's use of prescription drugs also said that they had never seen Home exhibiting any signs of narcotic intoxication or withdrawal from narcotics, and they did not believe it was possible to determine from Mr. Horne's past record of drug use that Home was intoxicated on the day of the accident. It is literally impossible to know whether appellant would have actually objected to such evidence, or whether appellant made a tactical decision that such evidence was, on balance, more helpful than harmful in the case. As noted earlier, appellant's only action during trial was to renew the motion in limine, and at no point did appellant ask for a standing objection in the future, or seek some other means of preserving the record.
In arguing that he has preserved the issue, appellant relies generally upon Holmes v. Mernah, 427 So.2d 378 (Fla. 4th DCA 1983). In Holmes, defendant sought at trial to raise a defense not pled in the answer, and also to present evidence in support of that defense. Plaintiff objected to the introduction of such evidence by use of what the appeals court characterized as "an oral motion in limine which was made very early in the trial...." Id. at 379. The case is somewhat confusing because the court refers to the motion as one "in limine". Nevertheless, it appears that the motion to exclude the testimony was actually made in a manner substantially contemporaneous with the objectionable testimony. Thus, the Fourth District concluded that because the trial judge had an opportunity to prevent the error, the issue was preserved for appeal. See id.; see also Fincke v. Peeples, 476 So.2d 1319, 1322-23 (Fla. 4th DCA 1985) (noting that where a party had previously filed a motion in limine, and during trial, after opening statements, and after the first of several depositions containing the testimony at issue, appellants both renewed their objection to the testimony and made known their desire to have a standing objection, the objection would be preserved for appellate review.) Holmes is not controlling.
By our holding in this case, we stress the need for trial counsel to bring to the court in a contemporaneous manner each and every objection to specific items of evidence. It is impossible for a reviewing court to know, particularly in the context of a lengthy trial in which much evidence is introduced, whether a party has acquiesced to the introduction of evidence previously thought objectionable. Moreover, it is difficult, if not impossible, for the reviewing court to predict how a trial judge would have ruled if presented with a contemporaneous objection in the face of the actual evidence, as opposed to a pretrial paper characterization of the evidence by use of a motion in limine.
AFFIRMED.
KAHN, WEBSTER and VAN NORTWICK, JJ., CONCUR.