338 So.2d 252 (1976)
Gary JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. Z-352.
District Court of Appeal of Florida, First District.
October 13, 1976.
Rehearing Denied November 3, 1976.
Richard W. Ervin, III, Public Defender and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and A.S. Johnston, Asst. Atty. Gen., for appellee.
*253 McCORD, Justice.
Appellant was convicted on one count of breaking and entering with intent to commit a felony and on a second count of larceny of a firearm. The trial judge pronounced one sentence on the two counts. This appeal is from the judgments and sentence.
Appellant contends that the court erred in refusing to permit him to proffer certain testimony of his mother, witness Josephine Johnson. Willie Davis, an alleged accomplice, testified against appellant at the trial. In attempting to show bias of Davis against him, appellant's attorney, on cross-examination of Davis, asked "Did Josephine Johnson ever accuse you of stealing her silverware out of her home in Clearwater? An objection was made. In support of the question, appellant's counsel stated: "Your Honor, may I state to the court at this time that I think the question goes to the potential interest or bias of the witness in testifying against the defendant Johnson here today and that's why I pose the question." The court sustained the objection. Later, Josephine Johnson (mother of appellant and also the sister of witness Willie Davis) was put on the stand by appellant in a further attempt to show bias of Davis against appellant. She was asked by appellant's attorney whether Davis had ever stayed with her in Clearwater. She replied that he had and then she was asked the following question: "How did you and Willie Davis get along down there?" Objection was made, the court sustained the objection, and appellant's counsel asked if he could make a proffer of her testimony out of the presence of the jury. The court declined to allow the proffer. Appellant's counsel stated to the court that the question was a preliminary one leading into some difficulties that Mrs. Johnson had with Willie Davis while he was in Clearwater which he stated went to explain the interest and bias of Davis in accusing appellant of the crime. While the question posed to witness Davis was proper cross-examination in an attempt to show bias or animus [see Wallace v. State, 41 Fla. 547, 26 So. 713 (1899); Kirkland v. State, 185 So.2d 5 (Fla. 2 DCA 1966); and Simmons v. Wainwright, 271 So.2d 464 (Fla. 1 DCA 1973)] and it was error to exclude it and in addition to not allow a proffer of it for the purpose of appellate review, we consider it harmless error in this case. From the statements made on the record by appellant's counsel, it appears that he desired to show that because appellant's mother had accused Davis of stealing her silver, Davis was giving false testimony against appellant. This is rather remote, as the trial court pointed out and, in addition, appellant when he took the stand testified to it. Thus, the jury had the inference before it for such weight as it considered should be given to it.
As to the trial court imposing one sentence on appellant for the two convictions, it was error to impose such a general sentence. King v. State, 320 So.2d 19 (Fla. 2 DCA 1975).
The convictions are affirmed, but the general three year sentence is reversed. The case is remanded for resentencing with directions to apportion the three year sentence between the two convictions. Such resentencing may be accomplished by order of the court without the appellant appearing before the court.
RAWLS, Acting C.J., and SMITH, J., concur.