BOYER, Chief Judge.
Appellant was tried and convicted of unlawful imprisonment and robbery and was given a single 30 year sentence. The sole issue raised by appellant meriting discussion concerns the propriety of the single sentence entered by the trial court.
After the jury verdict, the trial court convened a separate sentencing hearing, the transcript of which indicates that appellant was adjudicated guilty of robbery only and sentenced to a 30 year prison sentence. However, the formal order of judgment and sentence contained in the record indicates that the trial court adjudicated the defendant guilty of both unlawful imprisonment and robbery and imposed a single 30 year sentence.
Appellant, referring to the formal order of judgment and sentence and citing, inter alia, Johnson v. State, 338 So.2d 252 (Fla. 1st DCA 1976), claims that a general sentence for two judgments of conviction is improper, and that the cause should be remanded to the trial court for apportioning the sentence between the two convictions. The state generally concurs with that statement of law, but suggests that the sentence imposed in the case sub judice may be proper if it appears that the trial judge applied the single transaction rule. Doubting that the single transaction rule applies to this case, we find it unnecessary to pass upon that issue in the absence of anything in the record tending to indicate that the trial court did, in fact, apply the single transaction rule.
Given the discrepancy between the judgment and sentence and the statements of the trial court found in the transcript of the sentencing hearing, we reverse and remand for the entry of a proper judgment and sentence. At the resentencing proceeding, it is not necessary that the defendant be present.
We have carefully considered the other points raised by appellant in light of the record and applicable law, and have found them to be without merit.
REVERSED AND REMANDED.
RAWLS and McCORD, JJ., concur.