431 So.2d 247 (1983)
Robert BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. AK-264.
District Court of Appeal of Florida, First District.
May 9, 1983.
David J. Busch, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
JOANOS, Judge.
Appellant was found guilty of and sentenced for attempted manslaughter. He contends that the trial court erred in refusing to allow a proffer of testimony and in refusing to give a requested jury instruction, and that there is no crime of attempted manslaughter under the Florida Statutes. We affirm, but certify the question raised by the third point as one of great public importance.
Appellant was charged with attempted murder of Officer Rein, a ten year veteran of the sheriff's department who also worked after hours as a security officer at the Greyhound bus station. The charges resulted from an incident in which Officer Rein chased appellant through the bus station *248 and a neighboring restaurant before apprehending him, at which time during a struggle, Officer Rein's revolver was fired. The testimony differed primarily regarding the events which preceded the chase and the circumstances of the firing of the gun. Appellant testified at trial and his version of the facts preceding the chase was essentially that after he had purchased a bus ticket and asked Officer Rein where he could buy a sandwich, Rein began acting strangely and, for no apparent reason, drew his revolver and began cocking the hammer back and forth and told appellant to "Get down before I blow your f... brains out," and when appellant attempted to show that he was not armed and asked Rein what was wrong, Rein merely continued this behavior, so appellant ran and the chase ensued.
During cross-examination of Officer Rein, the defense attempted to inquire into Rein's alleged domestic difficulties which supposedly occurred just a few days prior to the incident giving rise to the charges against appellant. After extensive argument by counsel regarding what she expected Officer Rein's testimony to include and the relevancy thereof, the trial judge declined to allow even a proffer of that testimony based on his determination that it was not relevant. It is error to refuse to allow a proffer of evidence, which is necessary to ensure full and effective appellate review, see Hawthorne v. State, 408 So.2d 801 (Fla. 1st DCA 1982); Piccirrillo v. State, 329 So.2d 46 (Fla. 1st DCA 1976); Francis v. State, 308 So.2d 174 (Fla. 1st DCA 1975). This court has also held, however, that the error in failing to permit a proffer can be harmless, see Johnson v. State, 338 So.2d 252 (Fla. 1st DCA 1976), in which, "[f]rom the statements made on the record by appellant's counsel, it appears that he desired to show that because appellant's mother had accused Davis of stealing her silver, Davis was giving false testimony against appellant. This is rather remote, as the trial judge pointed out and, in addition, appellant when he took the stand testified to it. Thus the jury had the inference before it for such weight as it considered should be given to it."
The primary purpose of a proffer is to include the proposed answer and expected proof in the record so the appellate court may understand the scope and effect of the question and proposed answer in considering whether the trial court's ruling was correct, Phillips v. State, 351 So.2d 738 (Fla. 3d DCA 1977). In the present case, the jury did not hear the information regardless of the lack of a proffer as in Johnson, however, as in that case we are able to determine from defense counsel's detailed argument and explanation of the evidence expected to be offered and its alleged relevance to the correctness of the trial court's ruling that the information sought to be offered was not relevant. Allegedly, the cross-examination would bring out the specifics of Officer Rein's recent marital difficulties, particularly an event which generated some publicity and which defense counsel explained in detail to the trial court, in order to show that he was under emotional strain at the time of the incident. The alleged relevance of this information was that it supported the defense theory of Rein's alleged use of excessive force and his erratic behavior. There is sufficient detail as to the attempted proffer to determine that here, as in Johnson, the connection between the evidence sought to be proffered as to marital difficulties and the behavior suggested to have resulted is too remote and speculative to be considered probative.
A defendant is entitled to an instruction regarding a valid legal defense which is asserted if there is any evidence to support it, Bryant v. State, 412 So.2d 347 (Fla. 1982); Palmes v. State, 397 So.2d 648 (Fla. 1981), however, in the present case the requested instruction was not in accord with the defense offered to the offense charged and the trial court did not err in declining to give it.
Appellant asserts there is no crime of attempted manslaughter and that even absent an objection to the charge on attempted manslaughter, the conviction must be reversed. This issue was addressed recently *249 by the Fifth District Court of Appeal in Taylor v. State, 401 So.2d 812 (Fla. 5th DCA 1981). The court concluded that precedent, if not logic, required a holding that the crime of attempted manslaughter exists in Florida, but the following question of great public importance was certified to the Supreme Court of Florida:
IS THERE A CRIME OF ATTEMPTED MANSLAUGHTER UNDER THE STATUTES OF THE STATE OF FLORIDA?
We are advised that a decision is still pending before the supreme court, oral argument having been held in the case. We affirm the conviction of attempted manslaughter, but also certify this question as one of great public importance.
AFFIRMED.
MILLS and THOMPSON, JJ., concur.