432 So.2d 631 (1983)
Gregory Dwayne HANNAH, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1353.
District Court of Appeal of Florida, Third District.
May 31, 1983.
Robert H. Martin, John H. Lipinski, Miami, for appellant.
Jim Smith, Atty. Gen. and Penny Hershoff Brill, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellant, a juvenile, raises as an issue in this appeal whether reversible error was committed by prohibiting the cross-examination of a key state witness for the purpose of showing bias or prejudice.
The evidence showed that two armed men, one of whom was masked, entered the Pizza Hut and took money from Moneypenny, an employee, under the threat of force. Moneypenny identified appellant as the masked robber. At trial, appellant attempted to cross-examine Moneypenny regarding an incident between appellant's cousin and Moneypenny, which purportedly would show a vengeful motive for having named appellant as one of the robbers; the cross-examination was not permitted. The court further granted the state's motion in limine to prohibit appellant's cousin from testifying as to that same event. The testimony, as proffered, would have shown, by cross-examination of Moneypenny, or direct examination of the cousin Jones, that Jones, as a co-worker of Moneypenny, had once accused Moneypenny of stealing money from the employer, and that their relationship had soured, spilling over to appellant whom Moneypenny knew well as Jones' cousin.
All witnesses are subject to cross-examination for the purpose of discrediting them by showing bias, prejudice or interest, and this is particularly so where a key witness is being cross-examined. D.C. v. State, 400 So.2d 825 (Fla. 3d DCA 1981); Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980); Webb v. State, 336 So.2d 416 (Fla. 2d DCA 1976). It makes no difference that the bias or prejudice stems from an incident involving the state witness and a family member of the accused rather than the accused himself, as long as the evidence tends to establish that the witness is appearing for any *632 reason other than to tell the truth. D.C. v. State; Johnson v. State, 338 So.2d 252 (Fla. 1st DCA 1976).[1]
The sixth amendment right to confrontation of witnesses requires that a defendant in a state criminal case be allowed to impeach the credibility of a prosecution witness by cross-examination to show bias. Denial of effective cross-examination in such circumstances is constitutional error, Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Moreno v. State, 418 So.2d 1223 (Fla. 3d DCA 1982), requiring reversal unless error is harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Knight v. State, 394 So.2d 997 (Fla. 1981); Harrell v. State, 405 So.2d 480 (Fla. 3d DCA 1981).
Moneypenny and another employee of the Pizza Hut, Reichartt, were acquainted with appellant because he was a daily visitor who sometimes helped with the work. Both employees identified appellant as the gunman in the stocking mask. But because the identification by Reichartt, who is also a friend of Moneypenny, was simply "that's him", without testimony as to what features or characteristics she relied upon to aid in the identification, we cannot say that the limitation on cross-examination was harmless error beyond a reasonable doubt.
Reversed and remanded for a new trial.
NOTES
[1] The state relies on Bailey v. State, 411 So.2d 1377 (Fla. 4th DCA 1982), where the issue was whether the trial court abused its discretion in not permitting a defendant, charged with the shooting death of his six-year-old child, to cross-examine his wife, the state's main witness, concerning her recent infidelities. The appellate court held, "[i]t was ... reasonable for the trial judge to consider as too tenuous the notion that appellant's wife within two and one-half hours after her youngest child was shot in her arms, concocted and so convincingly narrated such a twisted tale... ." We disagree with the majority opinion that there was no abuse of discretion by the trial court in refusing to permit the cross-examination but agree that reversal was not required for the reasons expressed by Judge Hurley in a concurring opinion  "due to the overwhelming cumulative proof of guilt, ... the error was harmless beyond a reasonable doubt." 411 So.2d at 1380.