455 So.2d 382 (1984)
Robert BROWN, a/K/a Darryl Thomas, Petitioner,
v.
STATE of Florida, Respondent.
No. 63793.
Supreme Court of Florida.
August 30, 1984.
David J. Busch, Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Barbara A. Butler, Asst. Atty. Gen., Jacksonville, for respondent.
OVERTON, Justice.
This is a petition to review Brown v. State, 431 So.2d 247 (Fla. 1st DCA 1983), in which the district court of appeal certified the following question to be of great public importance:
IS THERE A CRIME OF ATTEMPTED MANSLAUGHTER UNDER THE STATUTES OF THE STATE OF FLORIDA?
Id. at 249. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Subsequent to the filing of this petition, we answered the same question in the affirmative in our recent decision in Taylor v. State, 444 So.2d 931 (Fla. 1983). In Taylor we held that
there may be a crime of attempted manslaughter... . [A] verdict for attempted manslaughter can be rendered only if there is proof that the defendant had the requisite intent to commit an unlawful act. This holding necessitates that a distinction be made between the crimes of "manslaughter by act or procurement" and "manslaughter by culpable negligence." For the latter there can be no corresponding attempt crime. This conclusion is mandated by the fact that there can be no intent to commit an unlawful act when the underlying conduct constitutes culpable negligence. On the other hand, when the underlying conduct constitutes an act or procurement, such as an aggravated assault, there is an intent to commit the act and, thus, there exists the requisite intent to support attempted manslaughter.

444 So.2d at 934 (emphasis added).
We hold that the facts in the instant case clearly reflect that Brown committed overt acts sufficient to supply the "requisite intent" to support a conviction for the crime of attempted manslaughter. The relevant facts indicate that Brown was tried for the attempted first-degree murder of Officer Rein, a deputy sheriff who, at the time of this incident, was serving as a uniformed security officer at a Greyhound bus station. The officer testified that, when he observed Brown in the bus station, he thought Brown was trying to avoid him. The officer also testified that he followed Brown as he exited the building and, upon finding him in a nearby alcove, asked if he could talk to him. Brown then began to run away and said, "You're going to have to *383 kill me first or I'll kill you." Brown proceeded to a nearby locked restaurant door, broke the locking mechanism and entered. Brown next ran to another door which led into the station lobby, kicked out the glass, and entered the lobby area of the station. The officer told Brown not to move and that he was under arrest, but Brown again ran into the restaurant. A Greyhound employee ran after Brown and caught him as he tried to get back into the station. Both the officer and the station employee tried to subdue the petitioner and the officer was knocked down. As he got up, he withdrew his revolver from its holster. During the scuffle, Brown gained possession of the firearm from the officer and the gun discharged into the floor. The officer testified that there was no doubt in his mind that Brown was pushing the barrel of the revolver towards his head and midsection before the gun fired. The officer and the Greyhound employee succeeded in subduing Brown and taking the gun.
The jury returned a verdict of guilty of attempted manslaughter. On appeal, Brown asserted that there is no crime of attempted manslaughter in Florida and that, even absent an objection to the charge of attempted manslaughter, the conviction must be reversed. The district court of appeal disagreed and affirmed the conviction for attempted manslaughter, but certified the previously noted question to this Court. Our decision in Taylor controls the resolution of this case. Brown's underlying conduct evidences sufficient intent under Taylor principles to support his conviction. Brown's conviction for attempted manslaughter is, therefore, approved. We decline to address the other issues submitted in the cause which were not part of the certified question. Accordingly, the decision of the district court is approved.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.