PER CURIAM.
Appellant Roosevelt Hill challenges his convictions, raising two issues on appeal: 1) whether the trial court erred in limiting his cross-examination of the state’s key witness in regard to an arrest in connection with the crime charged against appellant; and 2) whether the trial court erred in denying appellant’s motion for judgment of acquittal predicated on the state’s failure to meet its burden of proving beyond a reasonable doubt that appellant committed premeditated murder. Finding no reversible error, we affirm.
The record discloses that the state’s key witness was not charged with a crime, that he received no grant of immunity in exchange for his testimony, and that his testi *165 mony did not differ substantially from appellant’s testimony. We therefore find that the trial court’s limitation of cross-examination of the state’s witness constituted harmless error. Watts v. State, 450 So.2d 265 (Fla. 2d DCA 1984); Hannah v. State, 432 So.2d 631 (Fla. 3d DCA 1983); see State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We find appellant’s other contention to be without merit. See Sireci v. State, 399 So.2d 964 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982).
Affirmed.