PER CURIAM.
The appellant, Robert Lee Fulton, challenges the trial court’s judgment and sentence. We find that the appellant was prejudiced by the state’s presentation of inadmissible evidence at trial and, accordingly, reverse and remand for a new trial.
The appellant was charged by a one count information with aggravated assault in violation of section 784.021, Florida Statutes (1985). He entered a plea of not guilty, and the case proceeded to jury trial.
In addition to the evidence which the state presented regarding the appellant’s aggravated assault charge, the state was permitted, over the objections of defense counsel, to present testimony which suggested that the appellant harassed the victim of the alleged aggravated assault during the period of time between the appellant’s arrest and his trial. From the testimony presented, it appears that subsequent to the arrest of the appellant he followed the victim’s car on one occasion and drove past the victim’s house and place of employment on several other occasions. After the jury found the appellant guilty as charged, the trial court adjudicated him *1198 guilty of aggravated assault and imposed a sentence of three years imprisonment.
In this timely appeal, the appellant presents several theories under which he contends that the “interests of justice” require that his conviction be reversed. See Fla.R.App.P. 9.140(f). We find merit only in the appellant’s argument that he was prejudiced by the state’s presentation of inadmissible evidence of collateral crimes. Since our determination of this issue is dispositive of this appeal, we decline to address the appellant’s other arguments.
It has long been the rule of this state that evidence of a defendant’s collateral crimes or wrongful acts is admissible when relevant to prove a material fact in issue unless such evidence is solely relevant to prove bad character or propensity of the accused. See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2)(a), Fla.Stat. (1985). Such evidence is admissible to prove the crimes charged if, for example, it is relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. § 90.404(2)(a). In addition to the relevancy requirement, the “charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses.” Heuring v. State, 513 So.2d 122 (Fla.1987). See also, Davis v. State, 376 So.2d 1198 (Fla. 2d DCA 1979).
The state argues that the testimony presented at trial which suggested that the appellant harassed the victim was admissible to prove the aggravated assault charge because it was relevant to prove the appellant’s identity and intent. Although the appellant did present a defense of mistaken identity, we find the state’s argument to be without merit because the alleged harassment of the victim was in no way similar to the alleged aggravated assault. See Heuring; Davis. Even if the similarity requirement had been met, the prosecutor did not attempt to use the testimony in question as a means to establish that the appellant was the perpetrator of the aggravated assault or that he had the requisite intent for that offense. This fact is best illustrated by one of the prosecutor’s references to the testimony during his closing argument to the jury, “Why, if this isn’t all true, would he ... drive back and forth six times in their pickup truck and two times on their motorcycle if they weren’t trying to threaten him, [or] coerce him from not testifying ... [?[?] ” The record also reveals that the testimony in question was initially presented during the direct examination of the state’s first witness; therefore, it could not have been offered to rebut another witness’s testimony. Thus, the collateral crime evidence was used to establish that the appellant had attempted to prevent the victim from testifying. The appellant’s alleged attempt to prevent the victim from testifying, however, was not relevant to proving any element of aggravated assault. Since the collateral crime evidence was neither similar to the charged offense nor relevant to proving a material fact in issue, the trial court erred in permitting the state to present evidence of collateral crimes. § 90.404(2).
Although we find that the state presented sufficient evidence to support the appellant’s conviction, the record also contains testimony upon which the jury could have relied to return a verdict of not guilty. The state’s introduction of inadmissible collateral crime evidence, therefore, created the risk that the appellant would be convicted based upon his apparent bad character or propensity to commit crimes instead of the evidence concerning the offense with which he was charged. See Heuring at 124. Since we cannot find beyond a reasonable doubt that the inadmissible evidence did not contribute to the jury’s verdict, we reverse the appellant’s conviction and remand for a new trial. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Reversed and remanded.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.