524 So.2d 734 (1988)
Clarence MANUEL, Appellant,
v.
STATE of Florida, Appellee.
No. BS-192.
District Court of Appeal of Florida, First District.
May 12, 1988.
*735 Michael Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert Butterworth, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant, Clarence Manuel, seeks review of his conviction for grand theft, which was a lesser included offense. He alleges that the trial court erred in permitting a prosecution witness to testify to acts of apparent witness tampering on direct examination as proof of the defendant's guilt without first connecting the acts to the defendant. We agree but find that the error was harmless under the circumstances presented.
In addition to the presentation of evidence regarding appellant's robbery charge, the prosecutor was permitted to present the testimony of a witness suggesting that appellant had solicited favorable testimony from him for the purpose of showing that appellant had a guilty conscience.
Tyrone Kirkse, who was present at the scene of the crime, was permitted to testify over objection that subsequent to the incident, a man identifying himself as "Clarence" called him quite a few times and that on one occasion, the man said to Kirkse, "Look out for me," and that when Kirkse told him "no," the man said, "Think about it." On cross-examination Kirkse testified that he did not know the defendant prior to the theft incident and that the only way he knew the identity of the caller was because he identified himself as "Clarence."[1]
Testimony by a witness that a third party attempted to influence him not to testify or to testify falsely is admissible on the issue of the defendant's guilt, provided the attempt was with the authority, consent, or knowledge of the defendant. State v. Price, 491 So.2d 536 (Fla. 1986), citing 79 A.L.R.3d 1156; Duke v. State, 142 So. 886 (Fla. 1932) (defendant's father attempted to influence a witness but only connection with defendant was bare kinship); Jones v. State, 385 So.2d 1042 (Fla. 1st DCA 1980) (on redirect examination prosecutor insinuated that witness had been threatened without connecting threat to defendant) disapproved on other grounds, Justus v. State, 438 So.2d 358 (Fla. 1983). See also Koon v. State, 513 So.2d 1253 (Fla. 1987).
If a third person's attempt to influence a witness is admissible to prove the defendant's guilt, it naturally follows that such an attempt by the defendant himself would be admissible. See Goodman v. State, 418 So.2d 308 (Fla. 1st DCA 1982) (proper for accomplice to testify that while confined in county jail, he heard defendant's voice [which he recognized from having known him a long time] through the vent in the cell telling him he should think hard on his testimony at the trial because it could cause trouble for his wife and relatives). Cf. Fulton v. State, 523 So.2d 1197, (Fla. 2d DCA 1988) (error for witness to testify that defendant, after being arrested, followed victim's car on one occasion and drove past his house and place of employment on several other occasions).
At the outset it should be noted that in the present case, although there is some ambiguity in the proffer of evidence, the prosecutor never explicitly asked Kirkse whether he had ever heard appellant's voice and if so, was it the same as that of the man who identified himself as Clarence *736 on the telephone. By failing to unambiguously connect the defendant's voice to that of the telephone caller, the prosecution did not lay a proper predicate for the admissibility of the telephone communications.
The alleged communication by the appellant consists of two statements, "Look out for me," and "Think about it," made by a person claiming to be "Clarence." While there are no overt threats to the witness in these statements, their import is sufficiently incriminating that their admission into evidence is error in the absence of evidence sufficient to identify the caller as appellant. Here, the only connection between appellant and the telephone caller is that they both identify themselves as "Clarence." This evidence creates little more than a bare suspicion that appellant was the caller, and falls far short of the standard of proof required. We therefore find that it was error to admit the testimony of Kirkse as to telephonic communications by a person named Clarence.
Having decided that the admission of such evidence was error for lack of a proper foundation identifying the caller, we nevertheless find that the error was harmless in light of the overwhelming evidence of appellant's guilt, including his own admission at the trial that he "ain't ever denied taking [the] jewelry" which he snatched from the victim's neck because he "figured it was [his] sister's jewelry."[2] For a comparison of harmless and harmful errors, see Koon v. State, supra, and Duke v. State, supra.
Accordingly, appellant's judgment and sentence for grand theft are AFFIRMED.
BOOTH and NIMMONS, JJ., concur.
NOTES
[1] The following colloquy took place between Kirkse and defense counsel:

Q. Mr. Kirkse, you said earlier ... that you'd never seen Mr. Manuel before that night, is that right?
A. That was my first time ever seeing him that night.
Q. Well, tell me, how did you recognize his voice?
A. He stated his name on the phone.
Q. That's the only way you recognized it?
A. Yeah. I assume someone calls me and says this is me.
[2] According to appellant's sister, about two weeks before the incident, she loaned him three gold chains. The next day appellant told her that he put them back on her dresser, but she never saw them again.