PER CURIAM.
The child, J.R., suffered an adjudication of delinquency and conviction of attempted sexual battery. He appeals. We reverse and remand for a new trial.
The alleged victim testified that a day prior to trial that she and her mother received threatening phone calls such as “[Tjestify tomorrow and you die, bitch.” These persons (not the child, J.R.) identified themselves only as “friends” of appellant. Appellant objected to this testimony. There was no showing that the coercive calls were made with the active participation, knowledge, or authorization of the appellant. This evidence constituted collateral crime evidence which created a risk that appellant would be convicted based upon his apparent bad character or propensity to commit crimes instead of the evidence concerning the offense with which he was charged. Fulton v. State, 523 So.2d 1197 (Fla. 2d DCA), rev. denied, 531 So.2d 1355 (Fla.1988). See also Saunders v. State, 547 So.2d 193 (Fla. 3d DCA 1989), rev. denied, 562 So.2d 347 (Fla.1990) [citing Duke v. State, 106 Fla. 205,142 So. 886 (1932); Reeves v. State, 423 So.2d 1017 (Fla. 4th DCA 1982); Jones v. State, 385 So.2d 1042 (Fla. 1st DCA 1980) ]. Thus, we reverse and remand for a new trial.
REVERSED AND REMANDED.
GLICKSTEIN and STONE, JJ., and JAMES H. WALDEN, Senior Judge, concur.