618 So.2d 154 (1993)
Anthony John PONTICELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 73064.
Supreme Court of Florida.
March 4, 1993.
Rehearing Denied May 27, 1993.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and David S. Morgan and Kellie A. Nielan, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
This case is before us on remand from the United States Supreme Court for reconsideration in light of Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). Ponticelli v. Florida, ___ U.S. ___, 113 S.Ct. 32, 121 L.Ed.2d 5 (1992). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Ponticelli was convicted of the first-degree murders of two brothers, Ralph and Nick Grandinetti. Ralph Grandinetti died within one to two minutes of being shot once in the back of the head. Nick Grandinetti was shot twice in the head and while still conscious was beaten with the butt of the gun and driven around with his head pushed down on the hot floorboard, causing burns to his right ear. The facts of the murders are set out in our opinion on direct appeal, Ponticelli v. Florida, 593 So.2d 483 (1991), vacated, ___ U.S. ___, 113 S.Ct. 32, 121 L.Ed.2d 5 (1992).
Among the numerous claims rejected on appeal, we rejected Ponticelli's tenth claim regarding the constitutionality of the aggravating factors of heinous, atrocious, or cruel, and cold, calculated, and premeditated[1] based on our decision in Robinson v. State, 574 So.2d 108, 113 n. 6 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 131, 116 L.Ed.2d 99 (1991). As part of claim ten Ponticelli challenged the limited instruction given on the aggravating factor of heinous, atrocious, or cruel. A review of the record reveals that the instruction given on that aggravating factor was even less detailed than that found insufficient in Espinosa. However, the challenge to the sufficiency of the instruction is procedurally barred because there was no request for specific instructions or objection to the instructions given. The same applies to the instruction on cold, calculated premeditation. We reject Ponticelli's contention on appeal that no objection was required to preserve this claim because the error is "apparent from the face of the record." We have repeatedly applied and affirmed Florida Rule of *155 Criminal Procedure 3.390(d) which provides:
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection.
See, e.g., Fotopoulos v. State, 608 So.2d 784, 792 (Fla. 1992); Sochor v. State, 580 So.2d 595, 602 (Fla. 1991), vacated on other grounds, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); Vaught v. State, 410 So.2d 147 (Fla. 1982).
Accordingly, after reconsideration in light of Espinosa, we find that Ponticelli is not entitled to relief because the claim has been waived. We again affirm Ponticelli's convictions and sentences of death.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
HARDING, J., did not participate in this case.
NOTES
[1] § 921.141(5)(h), (i), Fla. Stat. (1987).