636 So.2d 1386 (1994)
Tavoris A. ROZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2456.
District Court of Appeal of Florida, Fourth District.
May 25, 1994.
*1387 Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Tavoris A. Rozier, defendant below (Defendant), appeals his judgment and sentence for armed trespassing and two counts of armed robbery. We reverse on two grounds. First, the trial court erred by refusing to allow a proffer of evidence that it ordered excluded. Second, the trial court erred by permitting a witness to testify about a threat made against her by Defendant's brother because the State did not prove by clear and convincing evidence that Defendant instructed his brother to make the threats.
At trial, Cardell Murrell (Murrell), one of the victims, testified that the robbery occurred on March 25, 1992; she gave a sworn police statement on April 2, 1992; and she gave a deposition on April 23, 1992. After Murrell testified on redirect that Defendant's brother had twice threatened her, defense counsel began his re-cross of Murrell:
DEFENSE COUNSEL: Before this new thing came up, the prosecutor asked you, the date of giving your statement as being within one month of the incident, the police sworn statement, correct?
MURRELL: Yes.
DEFENSE COUNSEL: Do you remember her asking you that, and then she asked you and your testimony today is more than a year old, correct?
MURRELL: Yes.
DEFENSE COUNSEL: Would you tell the ladies and gentlemen of the jury why it took so long for you to give other sworn testimony?
MURRELL: What other testimony?
PROSECUTOR: I'm going to object.
THE COURT: Sustained.
DEFENSE COUNSEL: May I go sidebar and proffer?
THE COURT: Sustained, move on.
Although this exchange is confusing, it evidences the fact that the trial court did not allow defense counsel to proffer the witness's excluded testimony.
The primary purpose of a proffer is to include the proposed evidence in the record so the appellate court can determine whether the trial court's ruling was correct. Phillips v. State, 351 So.2d 738, 740 (Fla. 3d DCA 1977). Accordingly, refusing to allow a proffer of evidence is error because it precludes full and effective appellate review. Piccirrillo *1388 v. State, 329 So.2d 46, 47 (Fla. 1st DCA 1976). In the instant case, the trial court's ruling precluding defense counsel from proffering Murrell's answer to his question about her delay in giving sworn testimony was erroneous because it precludes this court from properly reviewing the trial court's exclusion of the evidence.
The error in failing to permit a proffer can be harmless. Brown v. State, 431 So.2d 247, 248 (Fla. 1st DCA 1983), aff'd, 455 So.2d 382 (Fla. 1984).
The State argues that the trial court's denial of Defendant's request to make a proffer was harmless in light of overwhelming evidence of Defendant's guilt, citing Brown, supra. In Brown, the trial judge declined to allow the proffer of testimony that he deemed irrelevant after counsel argued extensively regarding what she expected the testimony to be and its alleged relevance. 431 So.2d at 248. The first district in Brown held that the trial judge's denial of the proffer was harmless error because counsel's argument allowed the appellate court to determine that the information sought to be offered was not relevant. Id.
Brown is distinguishable from the instant case and does not support the State's argument. In the instant case, unlike in Brown, there is no record evidence or argument of defense counsel revealing what the proposed testimony would have included. Therefore, we cannot say that the exclusion of Murrell's testimony was harmless beyond a reasonable doubt when we do not know what the substance of her testimony would have been. Pender v. State, 432 So.2d 800, 802 (Fla. 1st DCA 1983).
The disallowance of the proffer thwarts a defendant's right to cross examine witnesses guaranteed by the sixth amendment and article I, section 16 of the Florida Constitution. Pender, 432 So.2d at 802. Defendant correctly argues that Murrell's testimony about the delay before she gave a sworn statement could have supported his defense, which was based upon attacking the credibility of the witnesses. Because the excluded evidence could have established a motive or bias on Murrell's part, the trial court's refusal to allow defense counsel's proffer cannot be deemed harmless beyond a reasonable doubt. Accordingly, we reverse Defendant's conviction on this point. We also emphasize the importance of allowing a proffer where testimony is excluded and the attorney asks the court to allow a proffer of the excluded testimony. Because of the confusing nature of the exchange between the trial judge and defense counsel in the instant case, we also emphasize the need for attorneys to make clear to the court their intention to proffer evidence.
The second ground for reversal of Defendant's conviction concerns evidence that Defendant's brother, Jawuan King (King), threatened three witnesses shortly after the alleged robbery took place. Murrell testified that Defendant's brother threatened her. Defense counsel objected and moved for a mistrial. The trial judge excused the jury and proffered Murrell's testimony about the threats, which he ruled would be admitted:
All right. Due to the fact that the witness has had prior contact with both the defendant and his brother and recognized the gun, and due to the fact that on the date in question she saw the defendant with the gun and immediately thereafter saw the brother with the gun and the brother mentioned the robbery that the defendant was involved in, I think it's relevant, and I think it shows an agency relationship.
Accordingly, Murrell testified that after the police arrived at the scene, King came to the house, cursed at Murrell, and told Murrell and two other victims not to press charges against King's brother. The police made King leave, but King returned with a friend five or ten minutes later. Murrell said King showed her the same gun Defendant used in the robbery, which Murrell had seen King carrying on three previous occasions. King told the victims to tell the police that Defendant had not robbed them. King and his friend left when one of the victims called the police.
Threats against a witness are inadmissible to prove guilt unless the threats are shown to be attributable to or authorized by the defendant. Ponticelli v. State, 593 So.2d 483, *1389 489 (Fla. 1991) (admitting testimony regarding threats other inmates made against witness was harmless error because jurors could not have reasonably inferred threats to have been encouraged by defendant and a fear of reprisal from general inmate population is typical of any inmate who testifies for the State), vacated on other grounds, ___ U.S. ___, 113 S.Ct. 32, 121 L.Ed.2d 5, (1992), aff'd after remand, 618 So.2d 154 (Fla. 1993); State v. Price, 491 So.2d 536, 536-37 (Fla. 1986) (finding that the probative value of the third-party threats was outweighed by its prejudicial impact); In the Interest of J.R., 577 So.2d 674, 675 (Fla. 4th DCA 1991). The State must prove defendant's connection to the threats by clear and convincing evidence. See Chapman v. State, 417 So.2d 1028, 1031 (Fla. 3d DCA 1982) (evidence connecting defendant to collateral crime must be clear and convincing).
Evidence of third-party threats against witnesses constitutes collateral crime evidence that creates a risk that a defendant will be convicted based on his apparent bad character instead of evidence concerning the offense with which he was charged. In the Interest of J.R., 577 So.2d at 675 (reversing an adjudication of delinquency and a conviction of attempted sexual battery because the alleged victim testified about threatening phone calls made by third parties).
In the instant case, the evidence connecting Defendant to his brother's threats consisted of the fact that Murrell had prior contact with both Defendant and his brother and recognized the gun; the fact that on the date in question Murrell saw Defendant with the gun and immediately thereafter saw King with the gun; and the fact that King mentioned the robbery that the defendant was involved in. Although these facts constitute some evidence that Defendant may have authorized King's threats, it is equally likely that King took it upon himself to protect his brother by bullying the victims out of pressing charges or testifying against Defendant. Accordingly, these facts do not constitute clear and convincing evidence that Defendant instructed his brother to threaten the victims. Because this collateral crime evidence creates a risk that Defendant was convicted based on his apparent bad character instead of evidence that he committed the armed robbery, we cannot say beyond a reasonable doubt that the admission of this testimony was harmless error. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). Therefore, we reverse Defendant's conviction on this point.
In conclusion, the trial court should have allowed defense counsel to proffer testimony that was excluded and should have excluded evidence of threats made by a third party against the victims without clear and convincing proof that Defendant authorized the threats. Accordingly, we reverse the trial court's judgment and sentence and remand for a new trial.
REVERSED AND REMANDED.
DELL, C.J., and GUNTHER, J., concur.
KLEIN, J., concurs in part, dissents in part with opinion.
KLEIN, Judge, concurring in part and dissenting in part.
Although I agree that this case must be reversed because of the admission of the evidence of threats, I disagree with the majority's conclusion on the lack of a proffer. After the court sustained an objection to testimony, the following occurred:
DEFENSE COUNSEL: May I go sidebar and proffer?
THE COURT: Sustained, move on.
The majority characterizes this as confusing. I characterize it as a failure to make a proper record. I believe that when the court made its utterly unresponsive answer to defense counsel's request to make a proffer, it was incumbent on defense counsel to make it clear on this record that the court was not allowing the proffer. As it stands, it appears that the court did not understand the request.
When I see an exchange like this in the record, the inference I draw is that defense counsel had nothing of substance to proffer, and quickly moved on in the hopes that if the result was adverse there was built-in error. To me the right to make a proffer is so fundamental, and so obvious, that there is an *1390 obligation on counsel to secure a clear ruling on the request.
In LeRetilley v. Harris, 354 So.2d 1213, 1214 (Fla. 4th DCA 1978), counsel for appellant objected to a golden rule argument but did not secure a ruling on the objection. In holding it was waived, this court stated:
We choose to adopt the view that failure to secure a ruling on an objection waives it, unless the court deliberately and patently refuses to so rule.
In my opinion counsel failed to obtain a ruling on the request for a proffer and therefore waived it.