RYDER, Acting Chief Judge.
Christopher Wyant challenges his conviction for second degree murder and conspiracy to commit first degree murder. We affirm his convictions, but reverse for resen-tencing on the conspiracy offense because it is not an enumerated felony to which the three-year minimum mandatory applies.
Wyant raises four points on appeal. He first argues that the evidence was legally insufficient for the jury to infer an agreement and intent to conspire to commit the offense of conspiracy to commit first degree murder. “[Djirect proof of the criminal agreement is not necessary to establish a conspiracy; the jury may infer from all the surrounding circumstances that a common purpose to commit a crime existed.” Pino v. State, 573 So.2d 151, 153 (Fla. 3d DCA 1991). Circumstantial evidence, if sufficient to show beyond a reasonable doubt the existence of the elements of agreement and intent to commit the crime that is the subject of the agreement may be the basis of a conviction. LaPolla v. State, 504 So.2d 1353, 1357 (Fla. 4th DCA 1987).
In reviewing the denial of a motion for judgment of acquittal, we must regard all facts introduced in evidence as admitted by the defendant, and must indulge every reasonable inference in favor of the state. Downer v. State, 375 So.2d 840 (Fla.1979); LaPolla, 504 So.2d at 1357. The evidence reveals that during the three to four weeks prior to the murder Wyant confided in neighbors, Ms. Butterworth and Mr. Waller, that someone wanted an individual killed. Wyant discussed different plans with the victim’s family members during the weeks prior to the murder. He told Ms. Butterworth that Glenn Newman, the victim’s stepson, was the individual who wanted his father killed. Wyant told Ms. Butterworth and Mr. Waller that he was going to be paid between $1,500.00 to $2,500.00 for the murder. He also told Mr. Waller that he was to be paid from insurance for the killing. A few days before the murder, Newman came over to the neighbors’ trailer with Wyant. Wyant identified Newman as the individual who wanted the murder committed. Wyant and Newman assented to Waller’s query that it was Newman’s father that they intended to “put away.” Waller explained in Newman’s presence that the family wanted the father killed because he drank, became abusive, beat on his kids and wife, and they wanted the abuse to end. On the day of the murder, Waller said Wyant provided him with all of the details. Waller was to provide an alibi. Wyant and Newman were present at Waller’s trailer when Wyant said that it was going to happen that day and Wyant and Newman laughingly discussed the plans. The final plan involved the family’s departure from the trailer as a cue for Wyant to enter and shoot the victim. Witness Eno testified that the family members were outside at the time of the shooting. Construing all of the facts and inferences against the movant as we must do, we conclude that the evidence was legally sufficient for the jury to infer an agreement and intent to commit first degree murder.
Appellant next argues that the trial court erred in its failure to instruct on all necessary lesser included offenses. The record unequivocally shows that his counsel specifically objected to the instruction on conspiracy to commit second degree murder and conspiracy to commit manslaughter. Any error was waived. See Ponticelli v. State, 618 So.2d 154 (Fla.), cert. denied, — U.S. —, 114 S.Ct. 352, 126 L.Ed.2d 316 (1993).
As his third point, Wyant cites error in the trial court’s denial of his motion for mistrial when a police officer testified as to statements of nontestifying codefendants regarding the sequence of events that led to his arrest. The appellant’s objection cut off the officer’s testimony before he could testify concerning the content of the interview with codefendant Newman. Moreover, the testi *435 mony shows a logical sequence of events and did not disclose the details of the accusatory information. See State v. Baird, 572 So.2d 904 (Fla.1990). The appellant’s objection was sustained, his motion for mistrial was denied and a curative instruction was given. We see no error.
The state concedes error in appellant’s three-year minimum mandatory sentence for carrying a firearm on the charge of conspiracy to commit first degree murder because conspiracy is not an enumerated offense. See Sammons v. State, 481 So.2d 1315 (Fla. 2d DCA 1986); § 775.087(2), Fla. Stat. (1993). We, therefore, strike the minimum mandatory sentence imposed for the conspiracy conviction.
Affirmed in part and reversed in part.
SCHOONOVER and QUINCE, JJ., concur.