PER CURIAM.
Defendant brought a six ground motion for post conviction relief. We remand for correction as to grounds two and six, and affirm the order of the lower court as to all other grounds.
In ground two of his motion, the defendant alleged that the armed burglary charged in count nine of the information never occurred. The state concedes that the written judgment indicates that the court adjudicated the defendant for armed burglary when in fact the defendant was neither adjudicated nor sentenced on this count. Thus, although defendant need not be present, remand is appropriate for correction of this judgment. See Dunkin v. State, 706 So.2d 942 (Fla. 2d DCA 1998).
In ground six of his motion, the defendant alleged that there was no factual basis to find that he committed the crime of kidnapping in count twelve. The state concedes that they advised the trial court that defendant was not charged in count twelve, and that the lower court did not accept defendant’s plea of nolo contendere to this count. Therefore, on remand the written judgment and the corrected sentence should be modified to reflect the court’s oral pronouncement. See Brown v. State, 423 So.2d 599 (Fla. 3d DCA 1982).