SORONDO, J.
Richard Dailey, defendant, appeals his judgment of conviction and sentence for the crimes of carrying a concealed firearm and possession of a firearm by a convicted felon.
After a jury trial, while the jury was deliberating, the trial judge received a note from the jury that read as follows:
Your Honor, What happens if the jury is unable to come to a unanimous decision? We have one juror who does not agree with the others.
[Signed]
Upon receipt of the note, the judge summoned the attorneys to the courtroom but before they returned, the jury advised the bailiff that they had reached a verdict.
When the attorneys arrived, the following exchange took place:
[COURT]: Let the record reflect that before we could get everybody together they knocked on the door again and said *588 they had reached a verdict. You all had had a chance to look at the note anyway I guess.
[DEFENSE COUNSEL]: No.
[PROSECUTOR]: No, Judge.
[COURT]: You can. They apparently had a question of law. That will be made a part of the court record.
[PROSECUTOR]: Yes.
Thereafter, the judge received the jury’s verdict. Defendant argues that by failing to consult counsel concerning the note and by failing to address the jury’s question, the judge violated Florida Rule of Criminal Procedure 3.410, and that the error is per se reversible.
We agree with the state that the issue presented was not preserved for appellate review. During his exchange with the court, defense counsel did not record an objection or ask the judge to address the question before accepting the verdict. His acquiescence to the judge’s procedure waived any error. See Thomas v. State, 730 So.2d 667 (Fla.1998).
More significantly, this is not a situation governed by rule 3.410. Even if the issue had been preserved, defendant would still not be entitled to the relief he claims. Rule 3.410 reads as follows:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Immediately upon his receipt of the jury’s question, the trial judge summoned the attorneys. Nothing was done until the prosecutor, defense counsel and the defendant had returned to the courtroom. At no time was the jury re-instructed or was any testimony read back to them. Defendant’s reliance on Bradley v. State, 513 So.2d 112 (Fla.1987), and Ivory v. State, 351 So.2d 26 (Fla.1977), is misplaced. Those cases stand for the proposition that it is reversible error for a trial judge to answer a jury’s question without the prosecutor, defense attorney and defendant being present and having an opportunity to discuss the appropriate response. This did not happen in this case.
The state concedes that defendant’s second claim of error is meritorious. The jury convicted defendant of both counts in the Information — count 1, carrying a concealed firearm and, count 2, possession of a firearm by a convicted felon. At sentencing the trial judge orally pronounced the sentence as follows:
The Court finds the defendant to be a habitual violent offender. The Court’s going to sentence him to eighteen years... .With the ten-year minimum mandatory.
The written sentencing order provides a five year term of incarceration for count 1 and an eighteen year term with a ten year minimum mandatory sentence for count 2. Rule 3.700(b), Florida Rules of Criminal Procedure, provides that “[e]very sentence or other final disposition of the case shall be pronounced in open court....” Moreover, “[w]hen a defendant is convicted of multiple offenses, a trial court should impose a separate sentence for each offense.” Rogers v. State, 730 So.2d 716, 717 (Fla. 4th DCA 1999). Finally, the written sentencing order must conform with the trial court’s oral pronouncement. See Stephens v. State, 747 So.2d 1026 (Fla. 3d DCA 1999); Dunkin v. State, 706 So.2d 942 (Fla. 2d DCA 1998).
*589 Because the trial court’s oral pronouncement of sentence fails to specifically identify the different counts and the sentence for each, we vacate the sentence imposed and remand for a new sentencing hearing. See Bishop v. State, 345 So.2d 369, 370 (Fla. 1st DCA 1977). Defendant will be present and represented by counsel at the hearing.
Affirmed in part; reversed in part, and remanded for resentencing.