# Supreme Court of Florida

_____

No. SC19-607
_____

**ANTHONY JOHN PONTICELLI,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

April 16, 2020

PER CURIAM.

Anthony John Ponticelli, a prisoner under two sentences of death, appeals the circuit court's order denying his successive postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1).

Ponticelli's two sentences of death became final in 1993. *Ponticelli v. State*, 618 So. 2d 154 (Fla.), *cert. denied*, 510 U.S. 935 (1993). In seeking relief from his death sentences below, Ponticelli raised claims predicated on the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and this Court's decision on remand in *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), from

which we have since receded in *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020).

The United States Supreme Court's precedent and our precedent foreclose relief as to Ponticelli's claims. *See McKinney v. Arizona*, 140 S. Ct. 702, 707-08 (2020) (holding that, under *Hurst v. Florida*, "a jury must find the aggravating circumstance that makes the defendant death eligible," but that a jury "is not constitutionally required to weigh the aggravating and mitigating circumstances or to make the ultimate sentencing decision within the relevant sentencing range," and that *Hurst v. Florida* "do[es] not apply retroactively on collateral review"); *see also Poole*, 41 Fla. L. Weekly at S48 ("reced[ing] from *Hurst v. State* except to the extent it requires a jury unanimously to find the existence of a statutory aggravating circumstance beyond a reasonable doubt" as required by *Hurst v. Florida*); *Hitchcock v. State*, 226 So. 3d 216, 217 (Fla. 2017) (holding that *Hurst v. Florida* as interpreted in *Hurst v. State* is not retroactive to defendants similarly situated to Ponticelli). Accordingly, we affirm the circuit court's denial.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, and MUÑIZ, JJ., concur.
LABARGA, J., concurs in part and dissents in part with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in part and dissenting in part.

Ponticelli's death sentences became final before the U.S. Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002). *See Ponticelli v. State*, 618 So. 2d 154 (Fla.), *cert. denied*, 510 U.S. 935 (1993). Thus, consistent with this Court's decision in *Hitchcock v. State*, 226 So. 3d 216 (Fla. 2017), I concur in the result.

I do, however, dissent to the majority's reliance on *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), with which I strenuously disagree and which I conclude was wrongly decided.

An Appeal from the Circuit Court in and for Marion County,
    Robert W. Hodges, Judge - Case No. 421987CF002719CFAXXX

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Patrick Bobek, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee